WESTERN TRAILER SERVICE,
INC., Respondent,

v.

Dr. James T. LePAGE, Director of
Revenue, et al., Appellants.

No. 60570.

Supreme Court of Missouri,
En Banc.

Nov. 6, 1978.

Rehearing Denied Dec. 18, 1978.

John D. Ashcroft, Atty. Gen., Stanley
Robinson, Asst. Atty. Gen., Jefferson City,
for appellants.

William K. Waugh, III, Sam D. Parker,
Lathrop, Koentz, Righter, Clagett, Parker
& Norquist, Kansas City, for respondent.

DONNELLY, Judge.

The issue in this case is whether the payments received by respondent Western Trailer Service, Inc. (hereinafter Western Trailer) from Santa Fe Trails Transportation Company (hereinafter Santa Fe), for certain tangible personal property sold to Santa Fe is exempt from the Missouri state sales tax by reason of § 144.030.1, RSMo Supp. 1977. This Court has jurisdiction since construction of the revenue laws of this state is required, Mo.Const. Art. V, § 3.

Western Trailer is a Missouri corporation engaged in the business of repairing and servicing commercial truck trailers. Among the trailers serviced are those of the Santa Fe, a corporation located in Kansas. Under the Western Trailer-Santa Fe contract, employees of Western Trailer went to Kansas, picked up Santa Fe's trailers, and brought the trailers to Western Trailer's place of business in Kansas City, Missouri.

After repairs were made and repair parts installed, the contract required the trailers to be returned to Santa Fe in Kansas by Western Trailer's employees.

In October, 1976, Western Trailer was assessed $2,947 in additional sales tax and interest. Western Trailer disputes $1,336 of the tax, the portion attributable to repair parts installed in Santa Fe's trailers. The balance of the assessment has been paid. On a petition for reassessment, a Department of Revenue Hearing Officer reasoned that "All sales of repair parts were made at the time the repair parts were installed. This took place in the state of Missouri" and concluded, inter alia, that the sales "were not retail sales in commerce between this state and any other state" and thus "were not exempt by virtue of Section 144.030.1 RSMo 1969 . . . ." The Hearing Officer's decision is adopted by the Director of Revenue.

The Missouri sales tax is "levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state." § 144.020.1, RSMo 1969. Section 144.030 contains a number of exemptions from sales tax liability. The subsection at issue in this case provides:

"There is hereby specifically exempted from the provisions of sections 144.010 to 144.510 and from the computation of the tax levied, assessed or payable under sections 144.010 to 144.510 such retail sales as may be made in commerce between this state and any other state of the United States, or between this state and any foreign country, and any retail sale which the state of Missouri is prohibited from taxing under the constitution or laws of the United States of America, and such retail sales of tangible personal property which the general assembly of the state of Missouri is prohibited from taxing or further taxing by the constitution of this state." § 144.030.1, RSMo Supp. 1977.

On appeal to the circuit court, the Department of Revenue's position was reversed as unsupported by competent and substantial evidence upon the whole record and as being arbitrary. The trial court concluded that the sales in question were in interstate commerce since they were made to a resident of Kansas and delivery of the parts was taken outside Missouri. The Director of Revenue appealed to this Court.

In our opinion, the position of the Director of Revenue cannot be sustained. We believe there was a "dealing between persons of different states in which importation * * * [was] an essential feature or * * * [formed] a component part of the transaction * * *." City of Eldorado Springs v. Highhill, 268 Mo. 501, 508, 188 S.W. 68, 70 (1916). Importation of the trailers from Kansas to Missouri was a component part of the transaction. The retail sales were made in commerce between Missouri and Kansas. § 144.030.1, RSMo Supp. 1977. The exemption applies.

■ Western Trailer has filed a motion for damages under Rule 84.19 on the ground that this appeal is frivolous. The motion is denied.

The judgment is affirmed.

MORGAN, C. J., and FINCH, RENDLEN, SEILER and SIMEONE, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

BARDGETT, Judge, dissenting.

I respectfully dissent. The principal opinion premises the exemption on the fact that the Missouri company, Western Trailer Service, Inc., brought the trailers into Missouri and delivered them back into Kansas after performing all of the repair work in Missouri. Apparently, the tax would be applicable and the exemption not applicable had Santa Fe Trailer Corporation brought the trailers into Missouri for Western Trailer Service, Inc., to work on and then took its own trailers back into Kansas. I do not believe the applicability of the exemption is to be determined simply on the basis of who brings the equipment into Missouri. I would hold the exemption not applicable and, therefore, I dissent.