178 N.J. Super. 263 (1981)
428 A.2d 940
BODY-RITE REPAIR COMPANY, INC., APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT. PETER PICARDI, T/A M & P SALES CO., APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1981.
Decided March 25, 1981.
*265 Before Judges ALLCORN, PRESSLER and FURMAN.
David J. Goldberg argued the cause for appellant Body-Rite (Warren, Goldberg & Berman, attorneys; Louis B. Youmans on the brief).
Ellen S. Delo argued the cause for appellant Picardi (Chasan, Leyner, Holland & Tarrant, attorneys).
Martin L. Wheelwright, Deputy Attorney General, argued the cause for respondent (John J. Degnan, Attorney General, attorney; Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by FURMAN, J.S.C. (temporarily assigned).
The issue on consolidated appeals before us is whether the labor component of charges for repair of public transport buses is exempt from taxation under the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. In accordance with a uniform administrative interpretation since 1967 and an Attorney General's memorandum opinion of 1975, the Director of the Division of Taxation denied the exemption. The Division of Tax Appeals affirmed the Director. Appeals are brought by two business entities engaged in bus repairs.
Sales of services, including repair work on motor vehicles, are subject to the sales tax under N.J.S.A. 54:32B-3(b)(2). N.J.S.A. 54:32B-8 sets forth 34 categories of exemptions from the sales tax.[1]N.J.S.A. 54:32B-8(cc) is pertinent on the issue before us, providing for exemption from the sales tax of
Sales of buses for public passenger transportation, including repair and replacement parts therefor, to bus companies whose rates are regulated by the Interstate Commerce Commission or the Board of Public Utilities or to an *266 affiliate of said bus companies or to common or contract carriers for their use in the transportation of children to and from school.
Appellants assert their entitlement to an exemption under a construction of the above language that "repair" stands alone as a noun and is not an adjective or noun adjunct modifying "parts." Respondent urges the contrary construction, that "repair" as well as "replacement" modifies "parts" and that the exemption extends to repair parts but not to repair services or work.
In statutory construction the guideposts are legislative intent and the rational and generally accepted meaning of language. State v. Brown, 22 N.J. 405, 415 (1956); N.J. Ins. Underwriting Ass'n v. Clifford, 112 N.J. Super. 195, 200 (App. Div. 1970). In the ascertainment of legislative intent, statutes upon cognate subjects may be considered. As stated in State v. Brown, (22 N.J. at 415): "This principle is essential to give unity to the laws and to connect them in a symmetrical system."
The legislative intent of N.J.S.A. 54:32B-8 and of cognate enactments is clear, that is, to subsidize public transportation and, specifically, to relieve it of the burden of the sales tax. With particular reference to public transport buses, sales of buses and of replacement parts indisputably are exempt, as well as bus fares (N.J.S.A. 54:32B-8(k)) and sales of motor fuels to buses (N.J.S.A. 54:32B-8(h), 54:39-66(1)(b)). Public transport buses operating within this State are exempt from the Motor Fuels Use Tax Act of 1963 (N.J.S.A. 54:39A-2(a)). In addition, the New Jersey Public Transportation Act of 1979, N.J.S.A. 27:25-1 et seq., and the predecessor Transportation Act of 1966, N.J.S.A. 27:1A-1 et seq., provide broadly for financial subsidies by the New Jersey Transit Corporation to motorbus carriers.[2]
*267 In harmony with the manifest legislative intent to subsidize public transportation, the meaning of the statutory exemption of sales of "repair and replacement parts" for public transport buses must be arrived at. The record below includes unrebutted testimony by an expert in bus repair and maintenance, and by one in English usage, both on behalf of the bus repair companies.
The expert testimony is compelling that there is no such term in usage and no such technical concept as "repair parts" of buses. During repair work no part is ever installed that is in addition to parts previously on the bus. Any part installed replaces a worn, defective or otherwise nonfunctioning part. If a part is repaired, the charge is for repair work. If to accomplish repair a part is replaced by either a new or used part, the charge is for a replacement part.
The construction adopted by the Division of Tax Appeals is contrary to the technical understanding and generally accepted usage in the bus repair business that "repair parts" is a meaningless term.
Recognizing the redundancy of an exemption applicable to "repair parts" as well as to "replacement parts," respondent urges in its brief that "The draftsmanship here might reflect an overabundance of caution." But in ascertaining the meaning of a statute it cannot be assumed that the Legislature used meaningless language, Gabin v. Skyline Cabana Club, 54 N.J. 550, 555 (1969), and a construction is to be avoided that will render any part of the enactment redundant, superfluous or meaningless, Abbotts Dairies v. Armstrong, 14 N.J. 319, 327-328 (1954). According to In re Xaviers, Inc., 66 N.J. Super. 561, 576 (App.Div. 1961), a construction that the Legislature's use of a term is mere surplusage should not be reached unless such a construction is unavoidable. An ambiguity where none exists should not be imported in construing legislation. Myers v. Cedar Grove Tp., 36 N.J. 51, 61 (1961).
*268 The foregoing rules of statutory construction are applicable. N.J.S.A. 54:32B-8(cc) is unambiguous in the sense that a construction of it other than that argued for by appellants would render the word "repair" a nullity without substantive effect.
Respondent urges the applicability of other rules of statutory construction in support of its version of the restrictive extent of the exemption provided in N.J.S.A. 54:32B-8(cc). Respondent's principal reliance is uniform administrative interpretation, although without explanation or delineation how it was arrived at. But a uniform administrative interpretation may be rejected if in conflict, as here, with the plain meaning of the language used in the legislative intent. Safeway Trails, Inc. v. Furman, 41 N.J. 467, 483 (1964). Another precept relied on by respondent is that tax exemptions are strictly construed. This precept also is applicable only in the context of an ambiguity. Julius Roehrs Co. v. Tax Appeals Div., 16 N.J. 493, 497-498 (1954).
Use of the words "repairs" and "repairing" in other subsections of N.J.S.A. 54:32B-8 is cited by respondent to reinforce its construction that "repair" in subsection (cc) is a modifier of "parts" and does not signify repair work. We do not attach weight to the alternative use elsewhere in the statute of words interchangeable with "repair." In the subsections providing exemptions to railroads and to certain commercial motor vehicles the identical phrase appears: "repair and replacement parts therefor."
Finally, respondent contends that the Legislature's failure to amend N.J.S.A. 54:32B-8(cc), despite a total of nine other amendatory enactments since 1967, must be accepted as legislative concurrence with and approval of the uniform administrative interpretation. The legislative history does not point necessarily to this conclusion. Amendments were twice introduced but not enacted to change "repair" to "repairs" or "repairs thereof," with a committee or sponsor's statement of intent to make the exemption clear.
*269 Like its arguments based on various other rules of statutory construction which are resorted to to resolve ambiguities, respondent's argument based on legislative inaction cannot prevail, in our view, because of the unambiguous exemption from the sales tax in N.J.S.A. 54:32B-8(cc) of sales of public transport buses, of sales of repair to them and of sales of replacement parts for them, assuming legislative avoidance of the redundant and meaningless term "repair parts."
We reverse and remand for entry of orders in accordance herewith granting exemptions to appellants from the imposition of a sales tax on the labor component of charges for repair of public transport buses.
ALLCORN, P.J.A.D. (dissenting).
I would affirm the determination of the Division of Tax Appeals substantially for the reasons set forth by Judge Koribanics in his opinion in the case of Rockland Coaches, Inc. v. Taxation Div. Director, in the Division of Tax Appeals (No.S.T. 435-77), filed October 10, 1979.
NOTES
[1] The introductory provision of this section omits any reference to exemptions from the sales tax on sales of services. In view of several specific exemptions of sales of services thereinafter, that omission is viewed as a drafting oversight. See concurring opinion of Judge Horn in N.J. Bell Tel. v. Taxation Div. Director, 152 N.J. Super. 442, 451-452 (App.Div. 1977).
[2] If the labor component of repair charges to public transport buses is not exempt from the sales tax, the anomalous result may be that the New Jersey Transit Corporation contributes subsidies to motorbus carriers in the amount of sales taxes for "repair."