BODY–RITE REPAIR COMPANY, INC., RESPONDENT, v.
DIRECTOR, DIVISION OF TAXATION, APPELLANT.

PETER PICARDI, T/A M & P SALES CO., RESPONDENT, v.
DIRECTOR, DIVISION OF TAXATION, APPELLANT.

Argued March 8, 1982—Decided May 27, 1982.

*Martin L. Wheelwright,* Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Erminie L. Conley,* former Assistant Attorney General, of counsel).

*Ellen S. Delo* argued the cause for respondent *Peter Picardi,* etc. (*Chasan, Leyner, Holland & Tarrant,* attorneys).

*David J. Goldberg* argued the cause for respondent Body-Rite Repair Company, Inc. (*Warren, Goldberg & Berman,* attorneys; *David J. Goldberg* and *Lewis B. Youmans,* on the brief).

PER CURIAM.

We reverse the Appellate Division's, 178 *N.J.Super.* 263, judgment substantially for the reasons expressed by the former Division of Tax Appeals and incorporated by reference in Judge Allcorn's dissenting opinion below. We hold that *N.J.S.A.* 54:32B–8(cc) does not exempt bus repair services from the sales tax imposed under *N.J.S.A.* 54:32B–1 *et seq.*

### I.

Respondents Body-Rite Repair Company, Inc. (Body-Rite) and Peter Picardi, t/a M & P Sales Co. (Picardi) are both in the business of repairing public transport buses owned and operated by regulated bus companies. The Director of the Division of Taxation (Director) performed audits on and issued notices of assessment against Body-Rite and Picardi in 1974 and 1976 respectively. The deficiencies revealed by these audits corresponded to the sales tax on bus repair services that respondents had failed to collect and forward to the State.

Respondents filed separate appeals from the deficiency assessments to the former Division of Tax Appeals. Their principal argument was that *N.J.S.A.* 54:32B–8(cc)[1] exempts *repairs* of public transport buses as well as replacement parts. The Director argued that the "repair and replacement parts" language in subsection 8(cc) should be interpreted as an exemption for parts only. Respondent Body-Rite presented the additional argument that it should be relieved of liability for any deficiency because it accepted exempt use certificates from its bus company customers in lieu of sales tax.

The Division of Tax Appeals rendered decisions affirming the Director's assessment against respondents. On the taxpayers' appeal, a divided Appellate Division reversed, holding that the subsection 8(cc) exemption encompasses all elements of bus repair, including labor and parts. Judge Allcorn, dissenting, would have affirmed the determination of the former Division of Tax Appeals. The case comes before us on the Director's appeal as of right. *R.* 2:2–1(a).

## II.

This appeal presents a question of statutory construction. *N.J.S.A.* 54:32B–8(cc) exempts from taxation "[s]ales of buses for public transportation, *including repair and replacement parts therefor. . . .*" [Emphasis added]. If the word "repair" in subsection 8(cc) functions as a noun, then the exemption encompasses repair services. If, however, "repair" functions as an adjective modifying the word "parts," then the parts, but not the labor, involved in bus repairs are exempt from the sales tax.

Respondents rely on the expert testimony of a linguistics professor and a bus repair technician. The professor testified that "repair" cannot function as an adjective in the phrase "repair and replacement parts" and that the term "repair parts" is not common usage in the English language. The technical

---

[1]Now *N.J.S.A.* 54:32B–8.28.

expert testified that the term "repair part" has no technical meaning and is not generally used in the trade.[2]

We find this testimony unpersuasive. We construe statutes in accord with the ordinary meaning or plain understanding of their words. *Service Armament Co. v. Hyland,* 70 *N.J.* 550, 556 (1976). Expert testimony on esoteric concepts of syntax or trade usage has little or no relevance to the interpretation of statutory language. We sincerely doubt that the drafters of subsection 8(cc) approached their task from the perspective of a linguistics expert. Tax exemptions are a matter of economics, not grammar.

Respondents next argue that their interpretation of subsection 8(cc) accords with the legislative policy of providing fiscal support for public transportation. This argument proves little. While it is true that the Legislature adopted a policy of subsidizing mass transit,[3] it continued to impose certain fees and taxes on private bus companies. The sales tax, for example, applies to bus company purchases of supplies and equipment related to overhead. Similarly, such companies' net income is subject to the corporate business tax. *N.J.S.A.* 54:10A–3, *N.J. S.A.* 54:10A–5. Clearly, then, the existence of this legislative policy to support public transportation is not determinative of the Legislature's intent relative to subsection 8(cc). To the contrary, we are satisfied that the Legislature did not intend to exempt bus repair services from the sales tax. We base this conclusion on the structure of the Sales Tax Act, its legislative history and the long-standing administrative interpretation of subsection 8(cc). This result also accords with the recently

---

[2]Although the experts concluded that the phrase "repair parts" is semantically meaningless, other states have used the term. See, *e.g.,* Mass.Gen.Law. Annotated, c. 64H, 6(aa); *Western Trailer Service, Inc. v. LePage,* 575 *S.W.*2d 173, 174 (Sup.Ct.Mo.1978); *Federal Express Corp. and North American Car Corp. v. Skelton,* 578 *S.W.*2d 1, 9 (Sup.Ct.Ark.1979).

[3]See, *e.g., N.J.S.A.* 27:1A–1 *et seq.; N.J.S.A.* 27:25–1 *et seq.*

restated principle that tax preference provisions are to be strictly construed, and ambiguities resolved against those claiming exemption. *MacMillan v. Director, Division of Taxation*, 180 *N.J.Super.* 175 (App.Div.1981), aff'd o.b., 89 *N.J.* 216 (1982).

## A.

The internal structure of the Sales Tax Act treats the taxation of *goods* and *services* distinctly. Retail sales of *tangible personal property* are taxable under *N.J.S.A.* 54:32B–3(*a*) unless specifically exempted under *N.J.S.A.* 54:32B–8. Retail sales of *services* are taxable under *N.J.S.A.* 54:32B–3(*b*) unless exempted. As a general matter, the Legislature located service exemptions in *N.J.S.A.* 54:32B–3(b) and property exemptions in *N.J. S.A.* 54:32B–8.[4] Where the Legislature has placed *service* exemptions in *N.J.S.A.* 54:32B–8, departing from this general scheme, it has used clear and unambiguous language. Thus, *N.J.S.A.* 54:32B–8.12 exempts certain *"repairs"* and *N.J.S.A.* 54:32B–8.19 and *N.J.S.A.* 54:32B–8.22 exempt specified *"services"* or *"repairing."* Had the Legislature intended to exempt bus repair *services* in subsection 8(cc), it would have expressed that intent with equally distinct language.

## B.

The legislative history of subsection 8(cc) also supports the Director's interpretation. Appended to *L.* 1967, *c.* 25, the

---

[4]Before its repeal in 1980 (*L.* 1980, *c.* 105, § 46), the introductory paragraph to *N.J.S.A.* 54:32B–8 described the subsections of section 8 as exemptions from "the tax on retail sales imposed under subsection (a) of section 3 and the use tax imposed under section 6." Subsection (a) of section 3 imposes a tax on "the receipts from every retail sale of tangible personal property..." Thus, by its terms, *N.J.S.A.* 54:32B–8 excluded *service* exemptions from section 8. In fact, however, section 8 has always contained a number of provisions exempting services from the sales tax. See, *e.g., N.J.S.A.* 54:32B–8.7, 8.11, 8.12 and 8.19 (all included in the original law, *L.* 1966, *c.* 30).

amendment creating subsection 8(cc), was a statement which reads, in part:

> This bill is designed to amend the New Jersey Sales and Use Tax Act.... The amendments relate mainly to additional exemptions of limited revenue impact.
>
> ....
>
> II. Proposals Incorporated In This Bill
>
> A. Additional Exemptions
>
> ....
>
> 13. Addition of section 8(cc)—Sales of buses *and repair parts* to public utility bus companies and common or contract carriers of school children.... [Emphasis added].

This statement indicates that the Legislature understood subsection 8(cc) as an exemption for buses and bus parts only. We have found nothing in the legislative history of subsection 8(cc) that suggests a legislative intent to exempt bus repair services from the sales tax.

## C.

The long-standing practical administrative construction of subsection 8(cc) and legislative acquiescence in that construction argue persuasively for the Director's interpretation. Since passage of *L.* 1967, *c.* 25, the Division of Taxation has maintained that subsection 8(cc) does not exempt bus repair services. In fact, by letters dated October 16, 1967 and November 21, 1972, the Division gave taxpayers notice of this construction. Moreover, in response to taxpayers' protests, the Director referred the matter to the Attorney General, who issued a memorandum opinion concurring in the Director's interpretation.

Finally, although the Legislature has repeatedly amended *N.J.S.A.* 54:32B–8, it has left intact the uniform administrative construction of subsection 8(cc). Under these circumstances, the Director's interpretation is entitled to great weight.

> There is a well accepted principle that the practical administrative construction of a statute over a period of years without interference by the legislature is

evidence of its conformity with the legislative intent and should be given great weight by the Courts. [*Automatic Merchandising Council v. Glaser*, 127 *N.J.Super.* 413, 420 (App.Div.1974)].

*Accord, Malone v. Fender*, 80 *N.J.* 129 (1979); *Public Service Elec. & Gas Co. v. Woodbridge Tp.*, 73 *N.J.* 474 (1977).

### III.

Respondent Body-Rite contends that *N.J.A.C.* 18:24–10.3 shields it from liability for the sales tax it failed to collect on bus repairs. *N.J.A.C.* 18:24–10.3 relieves from liability a vendor who has accepted an exempt use certificate in lieu of sales tax where (1) the certificate disclosed a proper basis for exemption, and (2) the vendor accepted the certificate in good faith.

Body-Rite admits that at the time it accepted these exempt use certificates the Director had already notified it that bus repair services were not tax exempt. Body-Rite made no attempt to challenge the validity of this administrative ruling but chose instead simply to flout it. Under these circumstances, respondent's plea of good faith, and consequently its claim for relief under *N.J.A.C.* 18:24–10.3, must be rejected.

The judgment of the Appellate Division is reversed.

WILENTZ, C. J., and SCHREIBER and HANDLER, JJ., dissenting:

We would affirm the judgment substantially for the reasons expressed in the majority opinion of the Appellate Division, reported at 178 *N.J.Super.* 263.

*For reversal*—Justices PASHMAN, CLIFFORD, POLLOCK and O'HERN—4.

*For affirmance*—Chief Justice WILENTZ and Justices SCHREIBER and HANDLER—3.