CRABTREE, J.T.C.
Plaintiff seeks review of defendant’s determination of sales and use tax deficiencies amounting to $14,923.71, plus interest, for the period January 1, 1978 through December 31, 1980 (the audit period). The deficiencies are attributable to eight separate transactions, seven of which directly involve the imposition of sales tax on plaintiff’s sale of tangible personal property or services rendered with respect to the installation or repair of such property within the purview of N.J.S.A. 54:32B-3(a) and 3(b)(2). The other transaction, which indirectly involves a sale and installation of tangible personal property, concerns the imposition of a use tax pursuant to N.J.S.A. 54:32B-6.
The issues are (1) whether plaintiffs installation and repair services are exempt as improvements to real property, property or land pursuant to N.J.S.A. 54:32B-3(b)(2)(v), (2) plaintiff’s right to rely upon exemption certificates furnished by some of its customers and (3) whether the ultimate incorporation of certain materials into a capital improvement exonerates plaintiff from the use tax imposed with respect to plaintiff’s purchase of those materials.
The case was submitted under a stipulation of facts pursuant to R. 8:8-l(b).
Plaintiff is engaged in the design, sale and installation of material-handling equipment and machinery, including overhead crane systems, hoists, conveyor systems, shelving and monorail systems.
*436 In 1979 plaintiff sold and installed a storage rack system for Rolling Auto, Inc. of Fairlawn, New Jersey. The total contract price was $308,857. Plaintiff purchased the materials needed for this job from various suppliers located both within and without the State of New Jersey. The total cost of the materials so purchased by plaintiff was $186,550.31. With one immaterial and de minimis exception, plaintiff paid no sales tax on these materials. Rolling Auto gave plaintiff a New Jersey Division of Taxation Sales Tax Certificate of Capital Improvement (Form ST-8), on the face of which appeared the following in bold print:
MAY NOT BE ISSUED FOB THE PURCHASE OF MATERIALS
Also printed on the face of the certificate was the following:
CONTRACTOR’S CERTIFICATION
I certify that all sales and use tax due has been or will be paid by the undersigned on purchases of materials incorporated or consumed in the performance of the contract described herein.
(Signature of Contractor) (Date)
In 1978 plaintiff furnished the material- and labor required to repair a conveyor system at the Eastman Kodak facility in Dayton, New Jersey. Plaintiff invoiced Hartman Sales Corp., Fairport, New York, for the material and labor charges, which totaled $6,343.96. No sales or use tax was paid with respect to this transaction. Hartman Sales Corp. gave plaintiff a New York Department of Taxation and Finance, New York State and Local Sales and Use Tax Resale Certificate dated March 9,1981.
In 1978 and 1979 plaintiff furnished the materials and labor required to repair a conveyor system located at Garafolo Brothers in Garfield, New Jersey. Plaintiff invoiced Mayfran, Inc., Cleveland, Ohio, in the amount of $2,397.88 for this transaction. The invoices were numbered J-2279-9597, J-2931-9679, J-3589P-252 and J-3679-9685. Plaintiff received a letter from Economics Laboratory, Inc. dated February 12, 1976, which, in its entirety read as follows:
*437 SALES AND USE TAX EXEMPTION CERTIFICATE STATE OF NEW JERSEY SINGLE TRANSACTION CERTIFICATE
Lively & Co., Inc.
Five Lawrence Street Bloomfield, New Jersey 07003
I HEREBY CERTIFY: that Economics Laboratory, Inc. holds Sales and Use Tax Permit Number 41-0231510, issued pursuant to the laws of the State of New Jersey, and that the tangible personal property described below, which will be purchased from the above named corporation, on Invoice No. J 7989 9418 will be resold in the form of tangible personal property.
Economics Laboratory, Inc. further agrees that if at any time it is decided that the transaction covered by this certificate is taxable it will remit the tax accordingly.
Description: May Fran Chip Tote Conveyor
Supervisor of State
2/12/76 /s/ Michael O’Neil and Local Taxes
Date Signature of Authorized Person Title
No sales or use tax was paid with respect to this transaction.
In 1980 plaintiff installed a portable partition spacesaver office for Design & Construction, Somerville, New Jersey. The installation charge was $2,200. No sales or use tax was paid concerning this transaction. Plaintiff received from Design & Construction a New Jersey Sales Tax Certificate of Capital Improvement dated April 6, 1981, which referred to a contract performed by plaintiff at General Cable, New Brunswick, New Jersey for $11,124.
In 1979 plaintiff sold shelving and work benches to Ralph B. Carter Co., Hackensack, New Jersey for $1,882, a transaction with respect to which no sales or use tax was paid. The purchaser, however, gave plaintiff a Division of Taxation Sales Tax Resale Certificate (Form ST-3) dated January 1, 1974 which shows the purchaser to be engaged in the manufacture and sale of pumps and water and waste treatment equipment. Although the form calls for a description of the merchandise or *438 services being purchased, the certificate in question contains no such description.
In 1980 plaintiff sold to Brown Boveri Corp., New Brunswick, New Jersey, a power amp hydraulic deck level and supplied the labor to install it. Plaintiffs total charge was $4,576.65. No sales or use tax was paid with respect to this transaction, nor did plaintiff’s customer furnish a sales tax exemption certificate.
In 1979 and 1980 plaintiff repaired a cable and hoist for L & Z Tool, Watchung, New Jersey, and a chain hoist for Gibson Tube, Inc., Berkeley Heights, New Jersey. Plaintiff’s charges for these repair jobs were $1,525.60 and $164, respectively. No sales or use tax was paid concerning these transactions, nor were exemption certificates issued.
The New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq., imposes a tax on the receipts from the retail sales of all tangible personal property not otherwise exempt and on certain enumerated services. The Act also provides for a compensating use tax. N.J.S.A. 54:32B-6. The case before the court involves eight transactions which may be divided into three categories. The first category is the use tax assessment imposed on the cost of materials used by plaintiff in the sale and installation involved in the Rolling Auto transaction. The second category is the group of transactions with respect to which plaintiff received alleged exemption certificates, viz: the transactions with Hartman Sales, Mayfran, Inc., Design and Construction and Ralph B. Carter Co. The third category concerns sales tax assessments imposed pursuant to N.J.S.A. 54:32B-3(a) and 3(b)(2) on the transactions with Brown Boveri Corp., L & Z Tool and Gibson Tube, with respect to which no exemption certificates were issued.

The Rolling Auto Transaction

Defendant assessed a use tax on the cost of materials furnished by plaintiff in the sale and installation of a storage rack system for Rolling Auto, Inc., a transaction representing a capital improvement, as evidenced by Form ST-8 submitted to *439 plaintiff by its customer. Defendant accepted the document and treated the sale of plaintiff’s installation services as exempt pursuant to N.J.S.A. 54:32B-3(b)(2)(v), which exempts services rendered in installing property which, when installed constitutes, “an addition or capital improvement to real property, property or land.”
Plaintiff argues that its customer, Rolling Auto, Inc., and not plaintiff, was the ultimate user of the property involved, and that the customer exercised its rights and power over the property. Plaintiff’s argument is without merit. N.J.S.A. 54:32B 6 provides for the imposition of a compensating use tax to be paid for the use:
(A) Of any tangible personal property purchased at retail.
For purposes of clause (A) of this section, the tax shall be at the applicable rate, as set forth hereinabove, of the consideration given or contracted to be given for the use of the property. . .
The word “use” is defined in N.J.S.A. f>4:32B- -2(h) as:
The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property. (Emphasis supplied)
The term “retail sale” is defined in N.J.S.A. 54:32B-2(e)(2) to include sales of tangible personal property to all contractors for their use in erecting or repairing structures for others. Pursuant to the powers granted under N.J.S.A. 54:32B-24(1), defendant promulgated regulations pertaining to contractors, among which is N.J.A.C. 18:24-5.3, which provides:
(a) For purposes of sales and use taxes, sales of materials and supplies to contractors for use by them in erecting structures for others, or building on, or otherwise improving, altering or repairing real property of others are deemed to be retail sales.
(b) Except as hereinafter provided, contractors purchasing materials and supplies must pay the sales tax at the time of purchase.
When the use of materials and supplies by a contractor results in a capital improvement, the contractor should receive from his customer a certificate of capital improvement (Form ST-8). This document relieves the customer of responsibility for payment of tax on the services performed by the contractor in *440 installing the materials. N.J.S.A. 54:32B-3(b)(2)(v). In this connection, another regulation promulgated by defendant pursuant to the statutory authority of N.J.S.A. 54:32B-24(1), namely, N.J.A.C. 18:24-5.7, provides, pertinently:
(d) Where a contractor performs an installation which results in a capital improvement to real property, no tax should be collected from the customer. The tax on materials used is the responsibility of the contractor. The services performed by making an installation are not subject to tax where the installation results in a capital improvement to real property.
Defendant’s regulations construing the Sales and Use Tax Act constitute a necessary, reasonable and appropriate exercise of regulatory authority, presumptively reasonable and well within the fair contemplation of the statutory delegation. New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 384 A.2d 795 (1978). The grant of authority to an administrative agency will be liberally construed in aid of agency accomplishment of statutory responsibilities; and, moreover, courts are not free to substitute their judgment as to the wisdom of a particular administrative action so long as that action is authorized by statute and not otherwise defective because arbitrary or unreasonable. Sorensen v. Taxation Div. Director, 184 N.J.Super. 393, 2 N.J.Tax 470, 446 A.2d 213 (Tax Ct.1981).
I conclude from the aforementioned statutes and regulations construing them that plaintiff, by acquiring and installing the property used in the Rolling Auto transaction, exercised power and control over such property and that such exercise constituted a use of the property within the meaning and intent of the statute. Hoffman-LaRoche, Inc. v. Taxation Div. Director, 5 N.J.Tax 154 (Tax Ct.1983).
Plaintiff’s argument concerning the effect of the exemption certificate furnished by Rolling Auto (Form ST-8) is misplaced. Defendant accepted Form ST-8 for what it was: a document evidencing the exemption of the amount paid for plaintiff’s installation services. As the document clearly indicates, it has no application to the cost of materials purchased by the contractor for use in the installation service. This unequivo *441 cal indication, appearing in bold print on the face of the document, is enough to vitiate plaintiff’s claim of good faith reliance on the exemption certificate. Body-Rite Repair Co. v. Taxation Div. Director, 89 N.J. 540, 546, 446 A.2d 515 (1982).

Effect of Exemption Certificates

Defendant imposed a sales tax pursuant to N.J.S.A. 54:32B-3(b)(2) on the amounts plaintiff charged three customers for repair and installation services (Eastman Kodak, Garafalo Brothers and Design and Construction). Defendant also imposed a sales tax pursuant to N.J.S.A. 54:32B-3(a) with respect to plaintiff’s sale of shelving and work benches to a fourth customer, Ralph B. Carter Co. In all four cases plaintiff received what he claims to be exemption certificates from its customers. Plaintiff, pointing to defendant’s regulations dealing with exemption certificates, contends that it accepted the certificates in good faith and is thus relieved of liability for sales tax on the transactions. The regulations in question, the validity of which plaintiff does not challenge, are N.J.A.C. 18:24-10.3 and N.J.A.C. 18:24-10.4. The former regulation declares that a seller who accepts in good faith any exemption certificate which, on its face, discloses a proper basis for exemption is relieved of sales tax liability for the transactions covered by the certificate. N.J.A.C. 18:24-10.4 provides, in its entirety:
(a) An exemption certificate to be accepted in good faith must contain no statement or entry which the seller or lessor knows, or has reason to know, is false or misleading.
(b) A seller or lessor is presumed to be familiar with the law and rules regarding the business in which he deals.
(c) In general, a seller or lessor who accepts an exemption certificate in “good faith” is relieved of liability for collection or payment of tax upon transactions covered by the certificate. The question of “good faith” is one of fact and depends upon a consideration of all the conditions surrounding the transaction.
Another regulation promulgated by defendant, N.J.A.C. 18:24-10.5, deals with the requirements to be met in order that a certificate may disclose a proper basis for exemption. That regulation provides, pertinently:
(a) In order for a certificate to disclose a proper basis for exemption it must meet the following requirements:
*442 1. The certificate must be an officially promulgated certificate, form or a substantial and proper reproduction thereof.
2. The certificate must be dated and executed in accordance with the instructions published for use therewith and must be complete and regular in every respect.
3. The certificate must state a proper basis for the exemption.
4. The vendor must have no reason to believe that the property to be purchased is of a type not ordinarily used in the purchaser’s business for the purposes described in the certificate.
Application of the principles embodied in these regulations to the stipulated facts leads ineluctably to the conclusion that plaintiff was entitled to rely upon none of the purported exemption certificates and that defendant’s rejection of those certificates was warranted. See H.J. Bradley, Inc. v. Taxation Div. Director, 4 N.J.Tax 213, 229 (Tax Ct.1982).
For reasons not disclosed by the evidence, plaintiff invoiced Hartman Sales Corp., Fairport, New York, for repair work performed on a conveyor system at the Eastman Kodak facility in Dayton, New Jersey. The exemption certificate was dated March 9, 1981 for a transaction occurring in 1978. The certificate fails utterly to identify the nature of the work; no relationship is shown, either by the certificate or other evidence, between Eastman Kodak and Hartman Sales; worst of all, the exemption certificate is a resale certificate issued by New York taxing authorities. The failure of this certificate to meet any of the requirements of the applicable regulation is obvious. Plaintiff’s claimed reliance on this certificate is palpably absurd.
The exemption certificate involved in the repair of a conveyor system for Garafolo Brothers in 1978 and 1979, while not as egregiously inadequate as the Hartman Sales certificate, is sufficiently flawed to warrant defendant’s rejection. The record in this case, including the alleged exemption certificate issued for the Garafolo Brothers transaction, fails to disclose the relationship among Garafolo Brothers, Mayfran, Inc., to whom the work was invoiced and Economics Laboratory, Inc., the issuer of the certificate; the certificate, which is in letter form and not an officially promulgated certificate form or a substan *443 tial reproduction thereof, as required by the regulation (N.J.A.C. 18:24-10.5(a)(l)), is dated February 12, 1976, at least two years before the transactions with Garofalo Brothers; the putative certificate purports to be a single transaction certificate, but four invoice numbers were shown on the invoice rendered to Mayfran; finally the exempt transaction is identified in the body of the certificate by a single invoice number which corresponds in no way to any of the four invoice numbers shown on plaintiff’s invoice. This exemption certificate is demonstrably deficient. Plaintiff’s claim of good faith reliance is convincingly contradicted by the facts.
As for the Design and Construction certificate, the document refers to a contract in the amount of $11,124, whereas plaintiff charged $2,200 for its services in installing a portable partition space-saver office. The certificate is incomplete in that it fails to disclose the nature of the contract, i.e., a brief description of the capital improvement to be made; and the address where the work was to be performed is shown as General Cable, New Brunswick, N.J. As with the other certificates involved in this proceeding, neither the certificate itself nor any other evidence discloses the relationship between Design and Construction and General Cable. It will be seen that this certificate fails to meet two requirements of N.J.A.C. 18:24-10.-5, namely, that the certificate must be complete and regular in every respect and it must state a proper basis for the exemption. Moreover, the regulations provide further guidance in respect to the acceptance of capital improvement certificates. N.J.A.C. 18:24-5.16(f) states pertinently:
A contractor or a fabricator/contractor may accept certificates of capital improvement as a basis for exemption from tax on his services only where his work has, in fact, resulted in a capital improvement to real property. The nature of the work performed is the determining factor in deciding whether to collect tax on a contractor’s services. The possession of a certificate of capital improvement, in and of itself, is not sufficient to eliminate liability for taxes which should have been collected. The contractor must accept such certificate in “good faith” to be relieved of liability. (Emphasis supplied)
Thus, the mere fact that a customer furnishes a contractor with a capital improvement certificate does not eliminate liability for *444 the contractor. The latter must make an independent determination based upon the services he performed from which a capital improvement is alleged to have resulted. In the Design & Construction transaction, the only conclusion supported by the evidence is that plaintiff simply accepted a certificate provided by its customer. The defendant’s rejection of this certificate was warranted.
Finally, plaintiff’s claim of good faith reliance upon the resale certificate furnished by Ralph B. Carter Co. finds no support in the evidence. The resale certificate was dated January 1, 1974, five years before the date of the transaction purportedly covered thereby, and contained no reference to the merchandise to which the transaction pertained. Again, plaintiff failed to comply with the requirements for disclosure of a proper basis for exemption. The certificate was not complete and regular in every respect, nor could it be determined whether the certificate stated a proper basis for the exemption as essential facts required by the certificate were omitted.
Plaintiff has offered insufficient evidence to support its claim for exemption with respect to the four transactions just discussed, irrespective of the defective exemption certificates. Plaintiff bears the burden of proving its entitlement to exemption. N.J.S.A. 54:32B-12(b); Ski Haus, Inc. v. Taxation Div. Director, 5 N.J.Tax 26 (Tax Ct.1982). The only basis for exemption of the transactions with Eastman Kodak, Garafolo Brothers and Design & Construction is N.J.S.A. 54:32B-3(b)(2)(v), which exempts “services rendered in installing property which, when installed, will constitute an addition or capital improvement to real property, property or land.” Repair of conveyor systems was the nature of the services plaintiff rendered to Eastman Kodak and Garafolo Brothers. This work involved neither installation nor capital improvement within the contemplation of the statute. While the work performed for Design & Construction might arguably qualify as an installation, there is no evidence upon which this court could base a finding that the installation constituted an addition or capital improvement to real property. This court has recently held that the statutory *445 phrase “property, real property or land” means real property. Middlesex Water Co. v. Taxation Div. Director, 181 N.J.Super. 338, 3 N.J.Tax 233, 437 A.2d 368 (Tax Ct.1981).
The sale of shelving and work benches to Ralph B. Carter Co. is presumptively taxable under N.J.S.A. 54:32B-3(a) as a retail sale, which is defined in N.J.S.A. 54:32B- -2(e)(1) as a sale to any person other than for resale in its existing form or as converted into or as a component part of a product to be sold by the purchaser. Plaintiff has offered no evidence tending to show that the items sold to Ralph B. Carter were-intended for resale as defined in the statute.

Transactions with Brown Boveri Corp., L & Z Tool and Gibson Tube, Inc.

Defendant assessed sales tax pursuant to N.J.S.A. 54:32B-3(b)(2) with respect to plaintiff’s repairs of a cable and hoist for L & Z Tool and a chain hoist for Gibson Tube. A sales tax was imposed under N.J.S.A. 54:32B-3(a) and N.J.S.A. 54:32B-3(b)(2) with respect to plaintiff’s sale and installation of a hydraulic deck level for Brown Boveri Corp. No exemption certificates were involved in these transactions. As stated above the transactions are presumptively taxable; plaintiff has the burden of proving entitlement to an exemption. N.J.S.A. 54:32B-12(b); Spencer Gifts, Inc. v. Taxation Div. Director, 182 N.J.Super. 179, 3 N.J.Tax 482, 440 A.2d 104 (Tax Ct.1981). While plaintiff argues that the repair services for L & Z Tool and Gibson Tube were performed on hoists affixed to real property, and that the installation of the hydraulic level for Brown Boveri constituted a capital improvement to real property, thus exempting all three transactions under N.J.S.A. 54:32B-3(b)(2)(v), the record contains no proofs as to the manner of affixation of the repaired or installed items or any other indicia from which this court could conclude that such items constituted real property. See Weisenfeld v. Taxation Div. Director, 3 N.J.Tax 3 (Tax Ct.1981). As for the repairs performed for L & Z Tool and Gibson Tube, capital improvement is defined in the applicable regulation, N.J.A.C. 18:24-5.16(f)(1), as “an installa *446 tion of tangible personal property which results in an increase of the capital, value of the real property and an increase in the useful life of such property.” There is no evidence that plaintiff’s repair services constituted a capital improvement as defined in the regulation.
Judgment will be entered for the defendant in accordance with this opinion.