LARIO, J.T.C.
In this motion and cross-motion for summary judgment, the issue presented is, whether the labor component of charges for repairs to Interstate Commerce Commission [I.C.C.] licensed vehicles are exempt from taxation under the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. The facts have been stipulated and both parties agree that there is no genuine issue as to any material fact and that the matter is ripe for summary judgment.
Plaintiff, J.R. Corelli Associates, Inc., is a domestic corporation which specializes in the business of selling, leasing and repairing stretch-type limousines. The majority of limousines leased and serviced by plaintiff are licensed by the I.C.C. for use in interstate commerce. The Division of Taxation audited plaintiff for the period from October 1,1985 through September 30, 1988. During that three-year time period plaintiff had reported and paid $255,428 in sales and use taxes. As a result of the audit, the Division adjusted plaintiffs tax liability for that period to $264,595. On April 18, 1989, the Division issued a notice of assessment for an additional liability of $9,167 in *586 unpaid sales taxes plus penalty and interest for a total assessment of $13,268.76.
Taxpayer filed a notice of protest and after a conference the Division reduced the additional tax liability claimed from $9,167.00 to $8,612.81. This reduced the total assessment of tax penalty and interest from $13,268.76 to $11,733.23. On November 28, 1989, the Division issued a final determination for the reduced balance which resulted in plaintiffs filing this appeal.
The majority of the assessed underpayment of the tax relates to the Division’s determination that plaintiff failed to collect tax on the labor portion of repair bills on I.C.C. licensed vehicles. According to plaintiff, $6,650 of the total amount at issue is attributable to the labor portion of repair bills; however, the Division’s records reflect that the amount of taxes attributable to repair labor is $6,285.81. The parties have stipulated that the legal issue of liability can be determined through the summary judgment procedure and the factual issue of the $364 tax difference will be resolved without further litigation.
Pursuant to N.J.S.A. 54:32B-3(b)2, sales of services, including repair work, on motor vehicles are subject to New Jersey sales tax except where specifically exempt. Plaintiff argues, that since the limousines upon which the repairs were performed admittedly are registered in New Jersey and operated pursuant to I.C.C. certification, the charges for these repairs are specifically exempted pursuant to N.J.S.A. 54-.32B-8.31 which provides:
receipts from sales, renting or leasing of commercial motor vehicles, and vehicles used in combination therewith, as defined in R.S. 39:1-1 and registered in New Jersey for more than 18,000 pounds; or which are registered in New Jersey and operated pursuant to a certificate or permit issued by the Interstate Commerce Commission; and repair and replacement parts therefor are exempt from the tax imposed under the Sales and Use Tax Act. [Emphasis supplied]
Plaintiff interpreted the last phrase of the above statute “and repair and replacement parts therefor are exempt from the tax imposed,” to exempt from taxation charges for the repair of the vehicle as well as the replacement parts, therefore, no tax on *587 either portion of the bill was charged and collected from its customers. Defendant responds that the word “repair” is an adjective which, together with the adjective “replacement,” modifies the word “parts” concluding only the receipts from the sale of repair parts are exempt from taxation, but the receipts from the sale of repair services are not exempt. Thus, the real issue before the court is whether the word “repair” as used in N.J.S.A. 54:32B-8.31 (hereinafter referred to as § 8.31) is a noun or an adjective. The parties agree if it is a noun the service charges are exempt; if it is an adjective, services are taxable.
In Body-Rite Repair Co. v. Taxation Div. Dir., 89 N.J. 540, 446 A.2d 515 (1982), our Supreme Court discussed this exact issue in dealing with a “sister” statute, N.J.S.A. 54:32B-8(cc)[1] [hereinafter referred to as § 8(ce) ], which exempts from taxation sales of buses for public transportation including receipts from sales of “repair and replacement parts therefor.” Initially the then Division of Tax Appeals upheld the Director’s assessment taxing bus repair services. The Appellate Division, in a two to one decision, reversed, declaring the repair services to be tax exempt. 178 N.J.Super. 263, 428 A.2d 940 (App.Div. 1981). Our Supreme Court in a four to three decision reversed the Appellate Division’s judgment stating:
we are satisfied that the Legislature did not intend to exempt bus repair services from the sales tax. We base this conclusion on the structure of the sales tax act, its legislative history and the long-standing administrative interpretation of sub-section 8(cc). This result also accords the recently restated principal that tax preference provisions are to be strictly construed and ambiguities resolved against those claiming exemption. [89 N.J. at 544, 446 A.2d 515]
Plaintiff asserts that the Supreme Court’s Body-Rite opinion is not binding because:
1. It interprets a separate and distinct statute dealing with exemptions of sales pertaining to buses used for public passen *588 ger transportation. The Supreme Court carefully pointed out that, as to buses, there was legislative history that described the intent of the bus statute to exempt “repair parts” clearly using “repair” as an adjective, however, there is no comparable legislative history to § 8.31. Instead, the legislative history of this section provides no clue to its intent; the statement attached used the same phraseology as the act itself.
2. In Body-Rite, the Supreme Court placed significant weight upon the existence of the Director’s prior interpretation and the Attorney General’s memorandum opinion in support of his interpretation; however, neither exists in this case.
3. Of the ten appellate judges who participated in our appellate courts’ review of the Body-Rite case, five appellate judges ruled that the word “repair” as used in this phrase was a noun; whereas, the same number decided that it was an adjective, and that if the Supreme Court had to decide the present case without a legislative history, that used “repair” as an adjective, a supportive Director’s interpretation, and an Attorney General’s memorandum in support of that interpretation, the final obviously close decision would have been made in favor of the taxpayer.
Although the statute interpreted in Body-Rite is a separate statute from the one under which plaintiff claims exemption, for the reasons herein expressed, it is concluded that the Supreme Court’s interpretation of “repair and replacement parts therefor” used in § 8(cc) is binding upon this court in the interpretation of this sister statute, § 8.31.
The Supreme Court concluded taxability of bus repair services based primarily upon the structure of the sales tax act which it analyzed as follows:
The internal structure of the sales tax act treats the taxation of goods and services distinctly. Retail sales of tangible personal property are taxable under N.J.S.A. 54:32B-3(a) unless specifically exempted under N.J.S.A. 54:32B-8. Retail sales of services are taxable under N.J.S.A. 54:32B-3(b) unless exempted. As a general matter, the Legislature located service exemptions in N.J.S.A. 54:32B-3(b) and property exemptions in N.J.S.A. 54:32B-8. [footnote omitted] Where the Legislature has placed service exemptions in N.J.S.A. 54:32B-8, departing from this general scheme, it has used clear and unambiguous *589 language. Thus N.J.S.A. 54:32B-8.12 exempts certain “repairs” and N.J.S.A. 54:32B-8.19 and N.J.S.A. 54:82B-8.22 exempt specified “services” or “repairing.” Had the Legislature intended to exempt bus repair services in subsection 8(cc), it would have expressed that intent with equally distinct language. [Body-Rite Repair Co. v. Taxation Div. Director, 89 N.J. at 544, 446 A.2d 515; emphasis supplied]
As is true for the bus exemption statute interpreted in Body-Rite, the statute under review is also located within § 8 of this act and, like the bus exemption statute this statute also lacks the “clear and unambiguous language” the Legislature used whenever it granted service exemptions within § 8.
Since our Supreme court has interpreted the word “repair” in the phrase “repair and replacement parts therefor” as utilized in § 8(cc) to be an adjective modifying “parts,” because the identical phrase is used in a similar exemption statute located within the property exemption portion of § 8 of this act, and there exists no clear and unambiguous language to exempt repair services, this court is bound to follow that interpretation.
Accordingly, the labor portion of repairs to stretch limousines billed by plaintiff to its customers is not exempt from taxation under N.J.S.A. 54:32B-8.31.
The next issue to be addressed is plaintiffs claim that it should be exempt from liability “because in all of the questioned taxable transactions the customers produced exemption certificates which were accepted by plaintiff in good faith.” Defendant’s regulation upon which plaintiff relies provides as follows: “A seller or lessor who accepts in good faith any exemption certificate which, upon its face discloses the proper basis for exemption is relieved of any liability for collection or payment of tax upon transactions covered by the certificate.” N.J.A.C. 18:24-10.3.
The Director concedes that each of the tax exempt certificates submitted by plaintiff sets forth the applicable I.C.C. identification number, and all were accepted by his auditor. He further stipulated that he would not challenge those certificates; however, he denies that, pursuant to this regulation, plaintiff is relieved of liability for the tax. Director argues that *590 the requirement that the exemption certificate disclose upon its face a proper basis for exemption is an objective one, therefore, a vendor’s good faith misinterpretation of the law is not enough. Since here the transactions in question are not exempt under § 8.31, he argues as a matter of law that the exemption certificates did not facially disclose a valid basis for exemption, accordingly, plaintiff does not qualify for the relief afforded by this regulation.
I find this argument to be unpersuasive and contrary to the decision in Body-Rite, supra. In passing upon Body-Rite’s contention that N.J.A.C. 18:24-10.3, shielded it from liability for its failure to collect the tax, the Supreme Court specified that the Director’s regulation “relieves from liability a vendor who has accepted an exempt use certificate in lieu of sales tax where (1) the certificate disclosed a proper basis for exemption, and (2) the vendor accepted the certificate in good faith.” 89 N.J. at 546, 446 A.2d 515.
The court rejected Body-Rite’s claim for relief based upon its finding that the taxpayer’s acceptance of the exemption certificates was not in good faith because at the time it accepted the certificates, the Director had already notified Body-Rite that repair services were not exempt and “Body-Rite made no attempt to challenge the validity of this administrative ruling, but chose instead simply to flout it.” Ibid. If the Director’s argument, as here advanced, was correct, once the Court found bus repair services to be non-exempt, it would have ruled that the first prong of the test had not been met, thereby, making it unnecessary to proceed to analyze the facts to ascertain whether the taxpayer’s acceptance of the certificates was in good faith. By its failure to do so, I infer that the Court did not conclude, as a matter at law, that the exemption certificates did not facially disclose a valid basis for exemption.
Here, each of the exemption certificates, accepted by plaintiff and presented to the auditors, set forth the applicable I.C.C. certification number. They were accepted by plaintiff pursuant to its interpretation of § 8.31. Since § 8.31 previously had not *591 been interpreted by any court and plaintiff had received no direct notice of the Director’s construction of this section as given to Body-Rite, I find that it was not unreasonable for plaintiff to interpret the word “repair” as a noun, therefore, I conclude that the first prong of the test established by the court for the application of this shield from liability has been met.
Remaining is whether the second prong, “good faith acceptance,” exists. I conclude that it does. During the three-year period in issue the taxpayer collected and transmitted to the Division sales tax receipts totaling in excess of $250,000. The amount of taxes not collected by reason of the exempt certificates total $6,285, less than 2V2% of the amount forwarded; this certainly is evidence that the vendor was not attempting to conspire with its vendees to evade payment of sales taxes. Upon notification by the Division’s auditor of the Division’s non-exempt interpretation of this statute, even though plaintiff disagreed and immediately challenged the interpretation, unlike Body-Rite, plaintiff instantly began collecting the tax and transmitted it to the Division. I find that plaintiff accepted the certificates in good faith, therefore, both prongs of the test have been satisfied. Accordingly, pursuant to N.J.A.C. 18:24-10.3, plaintiff is relieved of any liability for collection or payment of taxes upon the transactions covered by the certificates it has submitted to, and have been accepted, by the Division.[2]
Pursuant to R. 8:9-3 the parties are directed to submit computations showing the correct amount of assessment deficiency to be incorporated in the judgment.

 N J.S.A. 54:32B-8 which set forth 34 categories of exemptions from sales tax was repealed and revised by L 1980, c. 105, whereby it sets forth 38 categories of exemptions from sales tax. (N.J.S.A. 54:32B-1 thru -29). Section 8(cc) was reenacted as N.J.S.A. 54:32B-8.23.

 It is noted that neither N.J.A.C. 18:24-10.3 nor this opinion relieves the purchaser of repair services from liability for payment of sales tax.