913 A.2d 810 (2006)
389 N.J.Super. 456
Robert C. McKENZIE, Appellant,
v.
BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 2006.
Decided December 26, 2006.
*811 Charles Thomas, Woodbury, argued the cause for appellant.
Jeff S. Ignatowitz, Deputy Attorney General, argued the cause for respondent (Stuart Rabner, Attorney General, attorney; Patrick DeAlmeida, Assistant Attorney General, of counsel; Susanne Culliton, Deputy Attorney General, on the brief).
Before Judges STERN, A.A. RODRÍGUEZ[1] and COLLESTER.
The opinion of the court was delivered by
STERN, P.J.A.D.
Robert McKenzie appeals from a final administrative determination of the Board of Trustees of the Public Employees' Retirement System ("PERS"), entered on September 27, 2005, which denied his request for leave to retire from PERS with "Veteran retirement benefits." On this appeal, McKenzie challenges that portion of the determination which concluded that he had to be actively employed in government service at the time of retirement in order to obtain the veterans' benefits. He contends that:
[a]n interpretation of N.J.S.A. [43:15A-61] that allow[s] for the exclusion of veterans who have otherwise attained the age of 60 and 20 years of aggregate service, from receiving the increased benefit allowance under the statute [because they were not in service at the time of retirement], denies those veterans[] due process and equal protection under the laws.
We reject these contentions and affirm the final administrative determination.
The material facts are not in dispute. As a result, we incorporate, for purposes of this opinion, the Statement of Facts embodied in appellant's brief:

*812 Robert McKenzie was enrolled in the Public Employees' Retirement System ("PERS") as a result of his employment with the Newark Public Schools on January 1, 1991. On March 24, 2003, Mr. McKenzie filed an application for a deferred retirement. The "PERS" Board approved Robert McKenzie's Deferral Retirement on March 16, 2005, with an effective date of May 1, 2005, which was the first of the month following his sixtieth birthday. Mr. McKenzie [had] separated from service with the Newark Public School System on January 19, 2001 [effective January 31, 2001].
On July 12, 2002, Robert McKenzie provided an application to the Division of Pension and Benefits to purchase service credit [for "various periods of military, out-of-state and federal government service rendered prior to his enrollment in the PERS"]. On November 8, 2002, Mr. McKenzie requested an extension to purchase [the] service credit. The extension was approved on March 24, 2005, which was one month before his sixtieth birthday. Mr. McKenzie appeared at the Division of Pensions and Benefits and was advised by a counselor in client services that he did not meet the requirements for a Veteran's Retirement. On April 25, 2005, David Pointer, Chief of the Retirement Bureau, informed Mr. McKenzie that at the time he terminated employment, he did not meet the age and service requirements to be eligible for a Veteran's retirement status.
The parties agreed at argument before us that the novel question involved on this appeal is whether an employee who is granted a deferred retirement (because he performed the requisite service or could purchase prior service credits before reaching retirement age) can receive veterans' benefits.
N.J.S.A. 43:15A-61 provides a "rule of 80" based on an aggregate of age and service. Appellant would have had sufficient service credits to satisfy the twenty-year service requirement upon purchase of the prior service credits by the time he reached age sixty.
N.J.S.A. 43:15A-61 provides in relevant part:
b. Any public employee veteran member in office, position or employment of this State or a county, municipality, public agency, school district or board of education and who (1) shall have attained 60 years of age and who has 20 years of aggregate service credit in such office, position or employment, or (2) shall have attained 55 years of age and who has 25 years of aggregate service credit in such office, position or employment, shall have the privilege of retiring for service and receiving, instead of the retirement allowance provided under section 48 of this act [N.J.S.A. 43:15A-48], a retirement allowance of 54.5% of the compensation for which contributions are made during the 12-month period of membership providing the largest possible benefit to the member or the member's beneficiary. (Emphasis added)
Relying on Kramer v. Bd. of Trs., P.E.R.S., 291 N.J.Super. 46, 676 A.2d 1117 (App.Div.1996), certif. denied, 148 N.J. 458, 690 A.2d 606 (1997), appellant claims the statute should be interpreted to relate only to the time required for the "aggregate[d] service and not [as] a requirement that triggers the qualifications under the statute to receive the benefits[] only when the member is working in public service at the time of retirement." Kramer dealt with a question of aggregation and concerned whether credits could be aggregated upon re-entry of service following retirement to achieve the required twenty *813 years of service under section 61(b). We required strict compliance with "the very specific and express terms" of the statute, N.J.S.A. 43:15A-57.2, which did not permit aggregation of benefits "once the service is broken by an intervening retirement." Kramer, supra, 291 N.J.Super. at 53, 676 A.2d 1117; see also N.J.S.A. 43:15A-57.2.
"The legislative purpose" behind N.J.S.A. 43:15A-61(b) is "to reward those whose military commitments substantially interfered with their civilian lives[,]" and the statute should be "liberally construed to effectuate [its] beneficent purpose." Kramer, supra, 291 N.J.Super. at 52, 676 A.2d 1117. However, "[w]hile pension statutes `should be liberally construed . . . in favor of . . . persons intended to be benefit[]ed thereby,' Geller v. Dep't of the Treasury of N.J., 53 N.J. 591, 597[-98] (1969), such construction `should not obscure or override considerations of . . . a potential adverse impact on the financial integrity of the [f]und.' Chaleff v. Teachers' Pension & Annuity Fund Trustees, 188 N.J.Super. 194, 197, 457 A.2d 33 (App. Div.), certif. denied, 94 N.J. 573, 468 A.2d 215 (1983)." Kramer, supra, 291 N.J.Super. at 54, 676 A.2d 1117.
PERS has consistently determined that a pensioner must be in active service at the time he or she satisfies the age and service requirements in order to receive veterans' benefits. See Gerber v. Bd. of Trs., P.E.R.S., 93 N.J.A.R.2d (Vol. 7) 135 (Div. of Pensions); see also 1964-78 Ops. of the Att'y Gen. of N.J. 116, 122 (Formal Op.1966-No. 2) (requiring a veteran member of PERS to "be in compensated active `office, position or employment' upon attainment [of requisite age and service] to qualify for the special veterans' half pay retirement allowance . . ." under the statute as it then read).[2] Presumably, the Legislature became aware of the consistent and uniform interpretation of the Executive Branch on this subject.
Although an agency's interpretation of the statute it administers is not binding upon us, the agency's interpretation is entitled to "substantial deference" "provided it is not plainly unreasonable." Merin v. Maglaki, 126 N.J. 430, 436-37, 599 A.2d 1256 (1992). This is particularly true where the Legislature is aware of the interpretation but has not endeavored to change or override it. Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 70, 389 A.2d 465 (1978) ("where an agency has based its statutory interpretation on an opinion by the Attorney General, . . . a court should attach weight to the Attorney General's opinion"); see also Garfield Trust Co. v. Dir., Div. of Taxation, 102 N.J. 420, 430-31, 508 A.2d 1104 (1986); Body-Rite Repair Co. v. Dir., Div. of Taxation, 89 N.J. 540, 545-46, 446 A.2d 515 (1982). In any event, despite other amendments to N.J.S.A. 43:15A-61, the Legislature has taken no action to modify the longstanding interpretation of N.J.S.A. 43:15A-61(b).
In essence, we find no support for the view that an employee can work for half the years of service required for pension eligibility and leave government service before retirement eligibility, but nevertheless obtain a pension with a veterans' preference as a result of his purchasing service credits after severance. Rather, the employee must remain actively engaged in his or her "office, position or employment" until he or she attains the age and service requirements in order to qualify for veterans' benefits upon retirement. So viewed, there can be no constitutional deprivation. See, e.g., N.J. State Bar Ass'n v. State, 387 N.J.Super. 24, 40-45, 902 A.2d 944 (2006), *814 certif. denied, 188 N.J. 491, 909 A.2d 726 (2006); A.A. v. State, 384 N.J.Super. 481, 494-500, 895 A.2d 453 (App.Div.), certif. denied, 188 N.J. 346, 907 A.2d 1007 (2006); Div. of Youth & Family Servs. v. M.Y.J.P., 360 N.J.Super. 426, 464-65, 823 A.2d 817 (App.Div.), cert. denied, 177 N.J. 575, 832 A.2d 325 (2003).
The final administrative action is affirmed.
NOTES
[1] Judge Rodríguez did not participate at argument but has participated in the disposition of the case with consent of both parties.
[2] At that time the statute related to persons "in office, position or employment" on January 2, 1955 "who remain[ed] in such service." See id. at 117.