PER CURIAM.
The issue presented by this appeal is whether a vendor which accepts a tax exemption certificate from a purchaser based on the vendor’s misinterpretation of the applicable law is relieved of liability for collection of the sales tax.
Plaintiff J.R. Corelli Associates, Inc. is a corporation involved in selling, leasing and repairing stretch-type limousines. As a result of an audit, the Division of Taxation issued a notice of assessment to plaintiff for an additional sales tax liability. The part of the assessment in controversy consists of taxes on the labor portion of repair bills on vehicles licensed by the Interstate Commerce Commission, subsequently determined to be $6,092.40. In relance upon its interpretation of the exemption provided by the *148 former N.J.S.A 54:32B-8.31,[1] plaintiff failed to collect any sales tax on its charges for these repairs. Plaintiff obtained tax exemption certificates from its customers for whom it performed these repair services.
The Tax Court held that the labor portion of plaintiffs charges for repairs to stretch limousines licensed by the Interstate Commerce Commission was not exempt from the .sales tax under N.J.S.A 54:32B-8.31. J.R. Corelli Assoc. v. Director, Div. of Taxation, 11 N.J.Tax 584, 586-89 (Tax Ct.1991). However, the Tax Court also concluded that plaintiff was exempt from liability for the unpaid sales taxes because its purchasers executed tax exemption certificates upon which plaintiff relied in good faith. Id. at 589-91.
The Director of the Division of Taxation (Director) has appealed from the judgment in plaintiffs favor. Plaintiff has not cross-appealed or argued that the judgment of the Tax Court should be affirmed on the ground that labor charges for the repair of vehicles licensed by the Interstate Commerce Commission were exempt under N.J.S.A 54:32B-8.31. Therefore, this appeal involves solely the Tax Court’s conclusion that plaintiff is exempt from payment of sales tax based on its good faith acceptance of tax exemption certificates.
Under the Sales and Use Tax Act, a vendor of tangible personal property or services is generally responsible for determining whether its business transactions are subject to the sales tax. Thus, N.J.SA 54:32B-12(b) establishes a presumption that “all receipts for property or services of any type mentioned in [N.J.SA 54:32B-3(a), (b) and (c) ] ... are subject to tax until the contrary is established, and the burden of proving that any such receipt ... is not taxable hereunder shall be upon the person required to collect tax or the customer.” In addition, N.J.SA 54:32B-14(a) provides that “[ejvery person required to collect any [sales tax] shall be personally liable for the tax ... required to be collected.” However, the Act also recognizes that some sales may *149 be rendered tax exempt by the purchaser’s planned use of the property or service or its tax exempt status and that the purchaser is the most reliable source of information regarding its use of the property or service and its own status. Consequently, the Act authorizes a vendor in some circumstances to accept tax exemption certificates from a purchaser instead of collecting the sales tax. N.J.S.A 54:32B-12(b) provides in pertinent part that a retail sale shall be deemed taxable
[u]nless a vendor shall have taken from the purchaser a certificate, signed by the purchaser and bearing his name and address and the number of his registration certificate, to the effect that the property or service was purchased for resale or the purchaser prior to taking delivery, furnishes to the vendor any affidavit, statement or additional evidence, documentary or otherwise, which the director may require demonstrating that the purchaser is an exempt organization described in section 9(b)(1)____
The Director has implemented these statutory provisions by the adoption of regulations authorizing the issuance and acceptance of tax exemption certificates, N.J.AC. 18:24-10.1 to -10.7. N.J.AC. 18:24-10.2(a) provides:
A vendor of taxable goods, services, amusement charges or occupancies is required to collect any tax imposed by the Sales and Use Tax Act (N.J.S.A. 54:32B-1 et seq.), unless the vendor shall have taken from the purchaser a certificate, signed by the purchaser and bearing his name, address and certificate of authority number, to the effect that the goods, services, amusement charges or occupancies purchased are not subject to the sales or use tax by virtue of a statutory exemption set forth in such certificate.
N.J.AC. 18:24-10.3 provides:
A seller or lessor who accepts in good faith any exemption certificate which upon its face discloses a proper basis for exemption is relieved of any liability for collection or payment of tax upon transactions covered by the certificate.
N.J.AC. 18:24-10.4(b) provides:
A seller or lessor is presumed to be familiar with the law and rules regarding the business in which he deals.
We construe these statutory and regulatory provisions to impose an obligation upon a vendor to determine the general subjectivity of its business transactions to the sales tax. This intent is implicit in N.J.S.A 54:32B-12(b), which authorizes a vendor to accept a tax exemption certificate in lieu of collecting the sales tax only if the purchaser certifies that the property or service was purchased for resale or that it is an “exempt organization,” and it *150 is explicit in N.J.AC. 18:24-10.4, which states that “[a] seller or lessor is presumed to be familiar with the law and rules regarding the business in which it deals.” Consequently, if a vendor is unsure whether the sale of a particular kind of property or service is subject to the tax, it must either collect the tax and then seek a refund pursuant to N.J.S.A 54:32B-20 or seek a declaratory ruling by the Division of Taxation pursuant to N.J.S.A 52:14B-8 before making the sale. A vendor is not absolved of its liability for the sales tax simply because it maintains a good faith, reasonable belief that a particular form of transaction is exempt. This generally is true even in a situation where the vendor’s belief is grounded upon unofficial statements by an official of the Division of Taxation. See Airwork Serv. Div. v. Director, Div. of Taxation, 97 N.J. 290, 299, 478 A.2d 729 (1984) (“when a sales tax statute specifically provides for the taxation of particular transactions and does not explicitly provide for the tax exemption of such transactions, estoppel should not generally be available to a subject taxpayer.”), cert. denied, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985).
A vendor’s receipt of a tax exemption certificate from the purchaser does not relieve the vendor of liability unless the certificate contains a factual representation which, if true, would render the sale tax exempt and the vendor relies in good faith upon that representation in not collecting the tax.[2] As previously noted, N.J.AC. 18:24-10.3 provides:
A seller or lessor who accepts in good faith any exemption certificate which upon its face discloses a proper basis for exemption is relieved of any liability for collection or payment of tax upon transactions covered by the certificate. (Emphasis added.)
Similarly, N.J.AC. 18:24-10.5(a)3 provides:
(a) In order for a certificate to disclose a proper basis for exemption it must meet the follotving requirements:
3. The certificate must state a proper basis for the exemption.
*151 A tax exemption certificate which accurately reflects the facts relating to the taxability of a sale but erroneously asserts that a sale is tax exempt manifestly does not disclose “a proper basis for exemption.” Therefore, a vendor who maintains an erroneous view of the non-taxability of a particular form of transaction may not claim an exemption from the sales tax simply because that legal error is recited in a tax exemption certification.
The Tax Court mistakenly read Body-Rite Repair Co. v. Director, Div. of Taxation, 89 N.J. 540, 546, 446 A.2d 515 (1982) to hold that a vendor who fails to collect the sales tax based on a good faith misinterpretation of the law is exempted by N.J.AC. 18:24-10.3 from liability of the tax. However, in Body-Rite the Court concluded that a vendor was not exempt because it had not accepted a tax exemption certificate “in good faith.” Consequent ly, the Court had no occasion to construe the requirement of N.J.AC. 18:24-10.3 that an exemption certificate must “upon its face disclose a proper basis for exemption” to relieve a vendor from liability.
Accordingly, we reverse the judgment of the Tax Court and remand for entry of an amended judgment in conformity with this opinion.

This exemption was repealed, effective July 1, 1990. L.1990, c. 40, § 11.

 If the representation is untrue, the purchaser remains liable for the tax. N.J.S.A. 54:32B-14(b).