KUSKIN, J.T.C.
Plaintiff, Stephen Little[1], appeals an assessment of sales and use tax contending that, although his sales of materials and supplies were taxable, he was not obligated to collect the tax because the purchasers were contractors. The matter is before the court on cross-motions for summary judgment. Based on the analysis set forth below, I deny plaintiff’s motion and grant the Director, Division of Taxation’s (“Director”) motion.
During the period at issue, 1990 through 1996, plaintiff engaged in the business of selling sand, gravel, mulch and similar materials to landscapers, garden centers and others. The transactions which are the subject of the motions for summary judgment were sales to landscapers. The Director concedes that landscapers constitute contractors for purposes of the applicable provisions of the Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -43, but contends that a question of fact remains as to whether all of the sales in question were actually to landscapers/contractors. My decision relates only to sales to landscapers.
LI] Plaintiff contends that he is relieved of the obligation to collect sales tax under N.J.S.A. 54:32B-2(w), which provides in pertinent part as follows:
“Persons required to collect tux” or “persons required to collect any tax imposed by this act” shall include: every vendor of tangible personal property or services; Provided, however, the vendor of tangible personal property to all contractors, subcontractors or repairmen, consisting of materials and supplies for use by them in erecting structures for others, or building on, or otherwise improving, altering or repairing real property of others, shall not be deemed a person required to collect tax, and the tax imposed by any section of this Act shall be paid directly to the director by such contractors, subcontractors or repairmen.
[N.J.S.A. 54:32B-2(w).]
The Director acknowledges that, if section 2(w) is read in isolation, plaintiff is not obligated to collect sales tax in connection with sales to landscapers. The Director asserts, however, that section 2(w) must be read in conjunction with another section of the Sales *464 and Use Tax Act, N.J.S.A. 54:32B-12(b), which provides in pertinent part as follows:
For the purpose of the proper administration of this act and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for properly or services of any type mentioned in subsection! ](a) ... of section 3 [ (which imposes tax on “Lt]he receipts from every retail sale of tangible personal property, except as otherwise provided in this act”) 1 ... are subject to tax until the contrary is established, and the burden of proving that any such receipt ... is not taxable hereunder shall be upon the person required to collect tax or the customer---Provided, [however,] ... the director shall authorize any contractor, subcontractor or repairman who acquires tangible personal property consisting of materials and supplies for use by him in erecting structures for others, or building on, or otherwise improving, altering, or repairing real property of others, to pay the tax directly to the director and waive the collection of the tax by the vendor----No such authority shall be granted or exercised except upon application to the director, and the issuance by the director of a direct payment permit. If a direct payment permit is granted, its use shall be subject to conditions specified by the director, and the payment of tax on all acquisitions pursuant to the permit shall be made directly to the director by the permit holder.
[N.J.S.A. 54:32B-12(b).]
Plaintiff argues that section 12(b) imposes obligations on the contractor, but does not in any way affect the provisions of Section 2(w), which relieve the vendor, plaintiff, from the obligation to collect tax.[2] In support of this argument, plaintiff notes that a portion of section 12(b) relating to sales for resale (which are excused from taxation under N.J.S.A. 54:32B-2(e)(l)(A)) provides that “[u]nless a vendor shall have taken from the purchaser a certificate .to the effect that the property or sendee was purchased for resale ... the sale shall be deemed a taxable sale at retail.” N.J.S.A. 54:32B-12(b). The section imposes a similar obligation on a vendor with respect to sales to an exempt organization not required to pay sales tax under N.J.S.A. 54:32B—9(b)(1). Plaintiff attributes significance to the omission from section 12(b) of any obligation of the vendor to obtain a certificate evidencing that a contractor has obtained a direct payment permit. Plaintiff also asserts that neither section 12(b) nor section 2(w) conditions direct payment of sales tax by a contractor on the contractor’s *465 providing the vendor with evidence of the issuance of a direct payment permit. Plaintiff recognizes that his interpretation of the statute may create significant opportunities for tax evasion, but contends that the purpose of section 2(w) was to relieve vendors of materials and supplies from the obligation to collect sales tax on sales to contractors, and that the Legislature did not intend section 12(b) to nullify the provisions of section 2(w).
Plaintiff further asserts that, even if he were obligated to obtain, from each landscaper to whom he sold material and supplies, a certificate authorizing direct payment, plaintiff should not be held to that obligation because the Director has failed to implement the direct payment permit program, and such permits are difficult, if not impossible, to obtain. In response, the Director notes that eighty-eight such permits have been issued, twenty-one of which were issued during the years involved in this appeal.
In determining the relationship between N.J.S.A. 54:32B-2(w) and -12(b), the court must be cognizant of the general structure and purpose of the Sales and Use Tax Act.
It is well settled that in construing a statute the court is not to be guided by a single sentence or the words of a sentence but must look to the provisions of the whole law', and to its object and policy. In searching for the true understanding and proper application of a statute the language must be read perceptively and sensibly with a view' toward fulfilling the Legislature’s intent.
[Cumberland Arms Assocs. v. Burlington Tp., 10 N.J. Tax 255, 268 (Tax 1988) (citations omitted)]
Legislative history provides more direct assistance in interpreting the two sections. Both were amended by L. 1968, c. 106. Section 1 of this amendment inserted in section 2(w) the language quoted above relieving vendors of materials and supplies from the obligation of collecting sales tax in connection with sales to contractors. Section 2 of the amendment inserted in section 12(b) the language quoted above relating to authorization by the Director of direct payment of tax by contractors. The same legislation deleted from section 12(b) the phrase “in his discretion” from the following sentence: “No such authority shall be granted or exercised except upon application to the director, and the issuance by the director in his discretion of a direct payment permit.” The legislation made no change in the last sentence of section 12(b) *466 which provides that: “If a direct payment permit is granted, its use shall be subject to conditions specified by the director, and the payment of tax on all acquisitions pursuant to the permit shall be made directly to the director by the permit holder.” N.J.S.A. 54:32B-12(b).
Based on the simultaneous amendments to sections 2(w) and 12(b) and the “object and policy” of the Sales and Use Tax Act, Cumberland Arms Assocs., supra, 10 N.J. Tax at 268, to impose tax and provide effective methods for its collection, see N.J.S.A. 54:32B-12(b) (stating a purpose “to prevent evasion of the tax hereby imposed”), I reject plaintiffs contention that sections 2(w) and 12(b) are independent of each other. I interpret the two sections to be complementary. Although the language of section 12(b) does not expressly impose on the vendor an obligation to obtain a direct payment certificate from a contractor, reading the section as implicitly imposing that obligation is necessary to prevent evasion of the tax and avoid undue collection difficulties.
Under plaintiffs interpretation of the relationship between sections 2(w) and 12(b), the vendor would have no obligation to collect sales tax once the purchaser was identified as a contractor. A contractor not having been issued a direct payment permit would have no incentive to remit payment of the tax, and, in fact, would have no right to transmit direct payment of the tax. Generally, where retail sales are made to unidentified customers, the Director can assess tax against the vendor. See N.J.S.A. 54:32B-19. Under plaintiffs interpretation of section 2(w), if the Director made an assessment against a vendor and the vendor could establish that the sales in issue were to contractors, the vendor would have no tax liability. The Director could collect the tax due only by locating the contractors/purchasers. This might be possible if the vendor’s records, in addition to recording the amount of each sale, identified each customer by name. Even if the Director could locate a contraetor/purchaser, the contractor could contend that, without a direct payment permit,, he or she had no right or obligation to pay tax directly and that the vendor should have collected sales tax at the time of sale. The Legislature, in amending N.J.S.A 54:32B-2(w) and -12(b), could not have intend *467 ed to create these opportunities for tax evasion or to impose these collection difficulties. I conclude, therefore, that plaintiffs interpretation of sections 2(w) and 12(b) is contrary to legislative intent.
My interpretation of the statutory scheme is consistent with regulations promulgated by the Director. Plaintiff has not challenged the validity of these regulations, and, they constitute a reasonable implementation of N.J.S.A. 54:32B-2(w) and -12(b). Under such circumstances, the court should defer to the Director’s construction of the statutes. See Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984) (“[T]he agency’s interpretation of the operative law is entitled to prevail, so long as it is not plainly unreasonable.”) Under the applicable regulations, a vendor of taxable materials and supplies is required to collect sales tax unless the vendor, in good faith, receives from the purchaser a certificate in proper form and duly signed which establishes that the collection of sales tax is not required in connection with the purchase. N.J.A.C. 18:24-10.2 and -10.4. A contractor must pay sales tax at the time of purchase of materials and supplies unless the contractor holds a valid direct payment permit (Form ST-6). N.J.A.C. 18:24-5.3(b)(2). If the contractor holds a direct payment permit, then the contractor may issue a direct payment certificate (Form ST-6A) to the vendor of materials and supplies at the time of purchase, and the vendor is not obligated to collect tax. N.J.A.C. 18:24-5.16(a)(4). Therefore, in order for a vendor of materials and supplies to a contractor to be relieved of the obligation to collect sales tax, the vendor must receive from the contractor a direct payment certificate. Only those contractors who have obtained a direct payment permit from the Director are permitted to issue direct payment certificates. If the vendor of the materials and supplies does not receive a direct payment certificate from a contractor, then the vendor is obligated to collect tax pursuant to the provisions of the first sentence of N.J.S.A. 54:32B-12(b).
A vendor may not avoid collection of sales tax at the time of sale to a contractor on the basis that the sale is for resale. The exclusion from sales tax of sales for resale does not apply to sales *468 to contractors, which are defined as “retail sales” by N.J.S.A. 54:32B-2(e)(2). Unlike N.J.S.A. 54:32B-2(e)(1)(A) which, as discussed above, excludes sales for resale from retail sales subject to tax, paragraph (e)(2) contains no exclusion of sales for resale. Accordingly, a sale of materials and supplies to a contractor for use in improving or altering the real property of others is a retail sale subject to sales tax, which the vendor is obligated to collect at the time of sale unless the vendor, in good faith, receives a direct payment certificate from the contractor.
Here, plaintiff received no direct payment certificates in connection with his sales to contractors. In his Certification submitted in support of his motion for partial summary judgment, plaintiff states that he had no knowledge as to whether any eontractor/pur-chaser held, or even applied for, a direct payment permit. Plaintiff contends, however, that, because the Director has resisted implementing the direct payment program pursuant to section 12(b), plaintiffs contractor customers would not have been able to obtain direct payment permits, and, therefore, plaintiff should be excused from the obligation to collect tax.
Assuming (without deciding) that plaintiffs contentions have factual merit, they do not affect plaintiff s obligation to collect sales tax. As set forth above, the applicable statutes and regulations impose on vendors of materials and supplies to contractor’s the obligation to collect sales tax in the absence of receiving a direct payment certificate. If a contractor has had difficulty in obtaining a direct payment permit, or if obtaining such a permit has been, as a practical matter, impossible because of the Director’s actions, the contractor may have a claim against the Director, but plaintiff remains obligated to collect sales tax.
We construe [the applicable! statutory and regulatory provisions to impose an obligation upon a vendor to determine the general subjectivity of its business transactions to the sales tax____Consequently, if a vendor is unsure whether the sale of a particular kind of property or service is subject to the tax, it must either collect the tax and then seek a refund pursuant to N.J.S.A. 54:32B-20 or seek a declaratory ruling by the Division of Taxation pursuant to N.J.S.A. 52:14B-8 before making the sale. A vendor is not absolved of its liability for the sales tax simply because it maintains a good faith, reasonable belief that a particular form of transaction is exempt.
*469 [J.R. Corelli Associates, Inc. v. Director, Div. of Taxation, 14 N.J. Tax 160, 163-64 (App.Div.1993).]
In summary, in the absence of receipt of a direct payment certificate from a contractor, plaintiff was obligated to collect sales tax on its sales of materials and supplies to the contractor. Plaintiff is chargeable with knowledge of that obligation, and the obligation is not excused by any difficulty the contractor may have experienced in obtaining a direct payment permit.
Based on the preceding discussion, there are no genuine issues of material fact relating to the motions, and the Director is entitled to partial summary judgment as a matter of law. R. 4:46-2(c); Brill v. Guardian Life but. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995). Accordingly, the Director’s motion for partial summary judgment is granted, and plaintiffs motion for partial summary judgment is denied.

 Stephen Little does business as Stephen Little Trucking. Therefore, the two named plaintiffs constitute only one party in interest.

 All references to sales to contractors throughout this opinion are limited to those sales contemplated by the quoted portions of N.J.S.A. 54:32-2(w) and -12(b).