PER CURIAM.
Plaintiff Lucisano Bros. Inc., a Pennsylvania building supply company that occasionally sells and delivers building materials to New Jersey building contractors and subcontractors, appeals from an order of Joseph C. Small, Presiding Judge of the Tax Court, entered on June 26, 2001, denying its motion for summary judgment and granting the cross-motion for summary judgment of the Director of the New Jersey Division of Taxation on its claim that *112 Lucisano was required by the terms of the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29, to register pursuant to N.J.S.A. 54:32B-15 and file monthly sales tax returns pursuant to N.J.S.A. 54:32B-17, commencing with the First Quarter of 1979.[1]
At the time that the parties’ motions were filed, the issue presented was a novel one. However, on May 29, 2001, before this matter was argued, Tax Court Judge Harold A. Kuskin issued his decision in Stephen Little Trucking v. Director, New Jersey Div. of Taxation, 19 N.J.Tax 461 (2001), which addressed the same issue raised by the parties in the present case and decided the issue in favor of the Division of Taxation. After Lucisano had conceded at oral argument that its position was equivalent to that of Stephen Little Trucking, Judge Small determined to follow Judge Kuskin’s reasoning, and granted summary judgment essentially on the. basis of the statutory analysis conducted by Judge Kuskin in connection with his earlier case. As a consequence, in this appeal Lucisano “seeks this court’s rejection of the holding in Stephen Little Trucking and reversal of the Tax Court’s decision in this case, which was based exclusively upon the precedent established in Stephen Little Trucking.” We decline Lucisano’s invitation, and affirm the decision of Judge Small.
At issue is the proper interpretation of N.J.S.A. 54:32B-2(w), which defines “persons required to collect tax” pursuant to N.J.S.A. 54:32B-3 as:
every vendor of tangible personal property or services____Provided, however, the vendor of tangible personal property to all contractors, subcontractors or repairmen, consisting of materials and supplies for use by them in erecting structures for others, or building on, or otherwise improving, altering or repairing real property of others, shall not be deemed a person required to collect tax, and the tax imposed by any section of this act shall be paid directly to the director by such contractors, subcontractors or repairmen.
Lucisano argues that the plain language of the statutory exception to the definition of those required to collect tax that we have just set forth insulates it from the obligation to register under the *113 Sales and Use Tax Act and pay sales tax pursuant to that Act. The payment obligation, it argues, lies solely upon the contractor. However, Lucisano’s argument fails to harmonize the language upon which it relies with those simultaneously-adopted provisions of N.J.S.A. 54:32B-12(b) that establish the mechanism by which direct payment by the contractor is to be accomplished and otherwise place the obligation to pay tax on the vendor. The relevant statutory language provides:
(a) Every person required to collect the tax shall collect the tax from the customer when collecting the price ... to which it applies----The tax shall be paid to the person required to collect it as trustee for and on account of the State.
(b) For the purpose of the proper administration of this act and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property or services of any type mentioned in subsections (a), (b) and (c) of [N.J.S.A. 54:32B-3] ... are subject to tax until the contrary is established, and the burden of proving that any such receipt ... is not taxable hereunder shall be upon the person required to collect the tax or the customer.
Provided [however,] the director shall authorize any contractor, subcontractor or repairman who acquires tangible personal property consisting of materials and supplies for use by him in erecting structures for others, or building on, or otherwise improving, altering, or repairing real property of others, to pay the tax directly to the director and waive the collection of the tax by the vendor. No such authority shall be granted or exercised except upon application to the director, and the issuance by the director of a direct payment permit. If a direct payment permit is granted, its use shall be subject to conditions specified by the director, and the payment of tax on all acquisitions pursuant to the permit shall be made directly to the director by the permit holder.
Section 12 thus establishes (1) a purpose to avoid evasion of the payment of taxes imposed under N.J.S.A. 54:32B-3 and (2) a mechanism by which direct payment of tax by a contractor can be accomplished.
As Judge Kuskin noted in Stephen Little, these dual purposes cannot be effectuated unless N.J.S.A. 54:32B-2(w) and 54:32B-12(b) are read together so as to limit the exception waiving the collection of taxes by vendors on sales of building materials to building contractors provided by N.J.S.A. 54:32B-2(w) to circumstances in which there is assurance, through the issuance of a direct payment certificate, that the tax, unpaid by the vendor, will actually be paid by the contractor/purchaser. Id. 19 N.J.Tax at 466. See also N.J.AC. 18:24-5.3 and 18:24-5.16, which require *114 that contractors purchasing building materials and supplies for reuse pay sales tax to the vendor at the time of purchase unless the contractor holds a valid direct payment permit, in which case a direct payment certificate may be substituted for the payment. We give deference to the Director’s interpretation, through the promulgation of these regulations, of the interplay between the statutory provisions that underlie them. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984).
As stated by Judge Kuskin in Stephen Little:
Although the language of section 12(b) does not expressly impose on the vendor an obligation to obtain a direct payment certificate from a contractor, reading the section as implicitly imposing that obligation is necessary to prevent evasion of the tax and avoid undue collection difficulties.
Under plaintiffs interpretation of the relationship between sections 2(w) and 12(b), the vendor would have no obligation to collect sales tax once the purchaser was identified as a contractor. A contractor not having been issued a direct payment permit would have no incentive to remit payment of the tax, and, in fact, would have no right to transmit direct payment of the tax. Generally, where retail sales are made to unidentified customers, the Director can assess tax against the vendor. See N.J.S.A. 54:32B-19. Under plaintiffs interpretation of section 2(w), if the Director made an assessment against a vendor and the vendor could establish that the sales in issue were to contractors, the vendor would have no tax liability. The Director could collect the tax due only by locating the contractors/purchasers. This might be possible if the vendor’s records, in addition to recording the amount of each sale, identified each customer by name. Even if the Director could locate a contractor/purchaser, the contractor could contend that, without a direct payment permit, he or she had no right or obligation to pay tax directly and that the vendor should have collected sales tax at the time of sale. The Legislature, in amending N.J.S.A. 54:32B-2(w) and -12(b), could not have intended to create these opportunities for tax evasion or to impose these collection difficulties.
[Id. 19 N.J.Tax. at 466-67.]
Our review of Judge Kuskin’s opinion in Stephen Little, as well as Judge Small’s opinion in this matter, which relies principally on Stephen Little, satisfies us that the statutory analysis performed in the Tax Court was well founded, and that the result achieved was substantially correct. We therefore affirm substantially on the basis of the opinions below.
Affirmed.

 Lucisano did not oppose that portion of the State’s motion in which it sought summary judgment with respect to Lucisano’s obligation to file Corporation Business Tax Returns commencing with the tax year 1979.